## WALLACH *v.* MACFARLAND.

---

APPEALS; EMINENT DOMAIN; ASSESSMENTS FOR BENEFITS; OBJECTIONS AND EXCEPTIONS; INSTRUCTIONS TO JURY; TRIAL.

1. An assignment of error in condemnation proceedings that the trial court erred in overruling the prayers for instruction of the appellants, and in confirming the verdict, is too general and indefinite.

2. Where the record on an appeal by the owner of lots from an order confirming assessment for benefits against his property in condemnation proceedings for street extension purposes does not contain any of the evidence on which the assessment was founded, this court will not attempt to determine whether the assessment was excessive by an inspection of a map contained in the record showing the lines of the street and the size and shape of the adjacent lots.

3. *Buchanan* v. *Macfarland, ante,* 6, applied and followed.

4. Where an award of damages and an assessment for benefits in condemnation proceedings was confirmed as to damages and vacated as to assessments for benefits, and an appeal taken from an order confirming a reassessment for benefits, an assignment of error on such appeal based upon the lower court having sustained the ruling of the chairman of the jury, overruling an offer by the property owners of "so much of the verdict of the former jury as affects their lots, and shows the prices paid for lands taken and the assessments as for benefits against lands not taken,"—is not well taken, where the record fails to show what evidence was heard by the jury.

5. It is not error to exclude an offer of evidence when the offer includes both competent and incompetent evidence.

6. Instructions to a jury are properly refused when there is no evidence to which they are applicable.

No. 1815.   Submitted March 5, 1908.   Decided March 31, 1908.

HEARING on an appeal by property owners from a judgment of
the Supreme Court of the District of Columbia, sitting as a
District Court, confirming an award of a jury in condemnation
proceedings, reassessing certain lands for benefits resulting from
the opening of a street.　　　　　　　　　　　*Affirmed.*

The facts are stated in the opinion.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the ap-
pellants.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James
Francis Smith,* Assistant, for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal by Rosa Wallach, Emily N. Wallach, Mary
Alexander Mitchell, and Rosa Douglass Merriam from the judg-
ment confirming the award of the jury assessing benefits to ad-
jacent lands through the extension of Eleventh street. As the
appeal is from the same judgment appealed from by other par-
ties at interest, namely, Columbia Heights Realty Company,
in appeal numbered 1833 [*ante,* 112], the two were heard to-
gether.

The first assignment of error is thus stated: "In overruling
the exceptions of appellants and confirming the verdict."

The proposition submitted on the argument on this too general
and indefinite assignment is that the assessment of benefits
against lot 9 in block 17 is excessive. There is nothing in the
brief bill of exceptions by which this question can be deter-
mined. None of the evidence on which the assessment was
founded is before us, and we cannot undertake its determination
by an inspection of the map showing the line of the street and
the size and shape of the adjacent lots, which is copied in the
record.

2. The second and third assignments relate to the procedure

under the act of June 6, 1900, instead of the act of March 3, 1899; and to the plea of limitations. The questions raised have been considered and determined adversely to the appellants in appeal No. 1833. As the conditions of the two cases in respect of these questions are the same in both cases, it is only necessary to refer to the opinion filed in No. 1833 for the conclusion that neither contention is tenable.

3. The fourth assignment of error is that the court erred: "In declining to permit appellants to show the prices paid for so much of their land as was taken for the extension of Eleventh street." The very brief bill of exceptions set out in the record does not recite any of the evidence heard by the jury. It recites merely that the appellants offered in evidence "so much of the verdict of the former jury as affects their lots, and shows the prices paid for lands taken, and the assessments as for benefits against lands not taken." This was objected to by the appellees unless the entire verdict is offered. Counsel for other claimants objected to reading any part of the former verdict. Thereupon the chairman of the jury declined to hear any part of the former verdict, on the ground that, under the instructions of the court, they were not allowed to consider any part of the former verdict except such as relates to grade damages. This ruling was certified to the court which sustained the ruling of the chairman, and the appellants excepted.

It is to be observed that the particular parts of the verdict which it was desired to read are not shown in the bill of exceptions; nor was any purpose stated for which it was offered. It is now contended that the verdict ascertaining the value of the land of appellants actually taken having been confirmed, was the best evidence by which the values of the remaining lands, adjacent thereto, at the time of the first condemnation proceedings, could be estimated. Assuming that the evidence was competent for that particular purpose, we cannot, in the absence of any statement of what the general evidence heard by the jury was, determine whether the error was a material, or an immaterial, one. The question in the case was the benefit received by reason of the street extension, and not the value of the lands actually

taken, and for which payment had been made in accordance with the former award. It could only serve the purpose of proving a value at the time, by which the then value of the adjacent lands might be estimated; and, for aught that appears, the same values may have been proved by appellants' witnesses. While the commissioners were concluded by the former finding of values, and compelled to make payments in accordance therewith, it does not follow that they were estopped thereby in arriving at the amount of the benefits accruing to the lands not taken. It appears, also, that the offer of the verdict of the former jury extended to their findings of benefits to the lands not taken, as well as to the damages assessed for the lands that were taken. As the former, and vacated assessment of benefits, was clearly incompetent evidence, the appellants should not have insisted upon both in the same offer. As part was incompetent evidence, it was not error to exclude the whole when offered as such.

4. The fifth assignment of error relates to the giving of an instruction to the jury at the request of the appellees, relating to the elements to be considered in assessing benefits; and to the refusal of certain instructions asked by the appellants. The following is the instruction excepted to: "It is the duty of the jury to consider and assess the benefits which have resulted from the pieces or parcels of land on each side of Eleventh street, Northwest, as extended from Florida avenue to Lydecker avenue, and the benefits which have resulted to any and all other pieces or parcels of land from the said extension; and, in determining the amounts to be so assessed against said pieces or parcels of land, the jury shall take into consideration the respective situations of the said pieces or parcels of land, and the benefits that they have severally received from the extension of said Eleventh street. By extension of the street, the jury are to understand its establishment, laying out, and completion for all the ordinary uses of a public thoroughfare, or highway."

This is the same instruction that was considered in No. 1833, as the cases of all property owners were heard together in the one proceeding. The refused instructions, numbered 1, 4, and

5, are identical with those numbered 1, 2, and 3, in No. 1833, as offered on behalf of appellants in that case and refused.

Strange to say, the additional instructions 1, 2, 3, and 4, shown by the record in 1833 to have been given by the court following the one that was excepted to, are not shown in the record in the present appeal. As was held in No. 1833, however, we do not think that there was error in giving the instructions noted as excepted to, without regard to the absence of the additional instructions which, as was held in that case, also, covered every proposition contained in the refused instructions.

It does not appear in the record that there was any evidence whatever tending to show anything more than that the street had been opened and graded as contemplated at the time the original proceeding was begun. It does not appear, therefore, that there was any evidence tending to show any facts to which the refused instructions might have been applicable.

5. The second and third special instructions that were refused relate to the facts shown in the former verdict as to the assessed value of the lands therein. As we have held that there was no error in excluding that verdict from the jury, it follows that instructions applicable thereto were properly refused.

For the reasons given, the judgment confirming the verdict as to the appellants will be affirmed with costs. *Affirmed.*

A writ of error to the Supreme Court of the United States, prayed for by the appellant, was allowed April 20, 1908.